IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RAY BRUNSON AND MARY BRUNSON,

    Plaintiffs,

v.

CASE NO. _____

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Fire and Casualty Company ("State Farm") hereby removes the above-captioned action from the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Docket No. CT-001522-07, to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453. In support of removal, State Farm states as follows:

**I.    STATUS OF PROCEEDINGS IN STATE COURT**

1.    On or about April 9, 2007, Plaintiffs filed a civil action titled "Amended Complaint" in the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis ("Amended Complaint"), alleging for the first time the existence of a putative class action.

2.    The Amended Complaint was served upon State Farm's attorney by U.S. Mail on April 9, 2007. A true and correct copy of the Amended Complaint is attached as Exhibit A. All

process, pleadings, and other orders served upon State Farm and/or contained within the Circuit Court file are attached as Exhibit "B", as required by 28 U.S.C. § 1446(a).

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because State Farm has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, and because Plaintiffs are citizens of a State different from the Removing Defendant and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1453, 1332.

## II.  STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. State Farm's attorney was served with the Amended Complaint on April 9, 2007. Accordingly, as this Notice of Removal is being filed within thirty days of service, the Notice is timely under 28 U.S.C. § 1446(b).

5. Venue in this Court is proper under 28 U.S.C. § 1441(a) as this Court is located in the same state as the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis and the venue of the Western Division of the Western District of Tennessee includes Shelby County; thus this is the district court of the United States for the district and division "embracing the place where such action is pending."

6. State Farm has filed this Notice of Removal with this Court, has served a copy of the Notice of Removal upon counsel for Plaintiffs and has filed a copy of this Notice of Removal in the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, pursuant to 28 U.S.C. § 1446(d).

## III. BASIS FOR JURISDICTION

7. This alleged class action is subject to removal pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453, and under diversity of citizenship pursuant to 28 U.S.C. §§ 1332.

8. The removed action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B) and 1453.[1]

9. As explained below, this is a putative class action in which: (A) there are 100 or more members in the Plaintiffs' proposed class; (B) one or more members of the class of alleged Plaintiffs are citizens of a state different from that of State Farm; and (C) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

10. This cause is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, defendant is not a citizen of the state of Tennessee, and all plaintiffs are citizens of the state of Tennessee.

### A. The Putative Class Contains More Than 100 Members.

11. In the Amended Complaint, Plaintiffs seek to certify a class apparently composed of persons in Shelby County whose roofs were damaged on May 31, 2006 by "a severe hail storm [that] swept through portions of Shelby County, Tennessee which caused substantial hail

---

[1] The term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). While State Farm disputes that the putative class may be certified, the action is brought by Plaintiffs as a putative Tennessee class action, pursuant to the Tennessee Rules of Civil Procedure, on behalf of a putative plaintiff class, as defined in Section 1332(d)(1)(A).

damage." (Amended Complaint, ¶ 4.) The number of State Farm policyholders whose homes were damaged during the hail storm of May 31, 2006 is greater than 100. Accordingly, there is no dispute that the number of members of the proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Members of the Alleged Plaintiffs' Class Are Citizens of a State Different from State Farm.

12. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class action in which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant."

13. All of the named class members are alleged to be citizens of the state of Tennessee (Amended Complaint ¶ 1).

14. State Farm Fire and Casualty Company is an Illinois corporation, having its principal place of business in Illinois, and is not a citizen of Tennessee (Amended Complaint ¶ 1). Therefore, State Farm Fire and Casualty Company is a citizen of Illinois for purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

15. Accordingly, diversity of citizenship exists for purposes of 28 U.S.C. § 1332(d)(2).

### C. The Amount in Controversy Exceeds the $5 Million Aggregate Threshold.

16. Under 28 U.S.C. § 1332(d)(6), the claims of the individual putative class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000. While State Farm denies that Plaintiffs have stated any viable claims or that any damages are owed, CAFA's amount in controversy requirement is plainly satisfied by Plaintiffs' demand for $150,000,000. (Amended Complaint's Prayer for Relief, ¶ 2).

17. CAFA's legislative history is clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. See e.g., S. Rep. 109-14, at 43. As set forth above, the total amount placed in controversy by the putative class far exceeds the $5,000,000 amount-in-controversy requirement set forth in 28 U.S.C. § 1332(d)(6).

### D. None of CAFA's Jurisdictional Exceptions Apply.

18. Finally, neither of CAFA's two principal jurisdictional exceptions – the home state exception and the local controversy exception, 28 U.S.C. §§ 1332(d)(4)(A)(i) and (ii) respectively – are applicable to this proceeding. The home state exception can only be invoked if all of the primary defendants are citizens of the state in which the action is brought. S. Rep. 109-14, at 36, 44. Similarly, the local controversy exception can only be raised if there is an in-state defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted by the proposed class. S. Rep. 109-14, at 40. In this case, State Farm is not a citizen of Tennessee and Plaintiffs do not seek relief from any Tennessee party. Accordingly, Plaintiffs are precluded from asserting either exception.

Based on the foregoing, Defendant State Farm Fire and Casualty Company requests that this Court assume full jurisdiction over this case as provided by law.

THOMASON, HENDRIX. HARVEY,
JOHNSON & MITCHELL, PLLC


By  s/Bruce McMullen
Bruce A. McMullen (#18126)
2900 One Commerce Square
Memphis, TN 38103
(901) 525-8721


Mark A. Johnson
(pro hac vice pending)
mjohnson@bakerlaw.com
John J. Frost
(pro hac vice pending)
jfrost@bakerlaw.com
**BAKER & HOSTETLER LLP**
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260
(614) 228-1541
(614) 462-2616 (fax)

*Attorneys for Defendant State Farm Fire and Casualty Company*


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 8, 2007, a true and correct copy of the foregoing document was forwarded by first class U.S. mail, postage pre-paid to Joseph Michael Cook, Attorney at Law, 7692 Poplar Pike, Germantown, TN 38138 and Russell C. Rutledge, 9040 Garden Arbor Drive, Suite 101, Germantown, TN 38138.

/s Bruce McMullen
BRUCE A. MCMULLEN

6