IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RAY BRUNSON and wife,
MARY BRUNSON,

Plaintiffs,

vs.                                    DOCKET NO.: CT-001522-07
                                                    DIV. III
STATE FARM FIRE AND                    JURY DEMANDED
CASUALTY COMPANY,

Defendant.

## AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Ray Brunson and wife, Mary Brunson, and sue the Defendant, State Farm Fire and Casualty Company, for actual, compensatory and punitive damages and for just cause respectfully states:

### COUNT 1

1. Plaintiffs are resident citizens of Shelby County, Tennessee and have been at all times material hereto.

2. Upon information and belief, Defendant, State Farm Fire and Casualty Company, hereinafter referred to as "State Farm", is a foreign corporation doing business at all times material hereto in Memphis, Shelby County, Tennessee.

3. Plaintiffs, Ray Brunson and wife, Mary Brunson, are longtime policyholders with the Defendant, State Farm having maintained their homeowner insurance with State Farm for in excess of 50 years.



EXHIBIT A

4. On May 31, 2006, a severe hail storm swept through portions of Shelby County, Tennessee which caused substantial hail damage to the roof of Mr. and Mrs. Brunson's house in Bartlett and resulting water damage to the interior of their home. Prompt notice of this loss was reported to State Farm but instead of fairly and honestly handling this claim and paying for the damage pursuant to their contract of insurance with Mr. and Mrs. Brunson, State Farm began a systematic course of conduct intended to avoid its responsibilities for payment of this loss pursuant to its contract of insurance and also to intimidate and discourage Mr. and Mrs. Brunson from rightfully pursuing their claim.

5. In an intentional effort to avoid its contractual responsibilities, State Farm sent unqualified claim adjusters to Mr. and Mrs. Brunson's house to tell them that they did not have hail damage to their roof. Mr. and Mrs. Brunson then contacted their local State Farm agent who came to their house and upon his inspection of the roof reported to Mr. and Mrs. Brunson that the hail damage was clearly apparent and would be covered under their policy. Nevertheless, State Farm continued in its improper actions to avoid its contractual responsibilities.

6. Upon State Farm continuing to deny Mr. and Mrs. Brunson's claim, Mr. and Mrs. Brunson contacted local roofers to inspect and provide bids for the repair of their roof. Each of these roofers found it to be clearly evident that Mr. and Mrs. Brunson's roof had sustained substantial hail damage such as to necessitate the replacement of their roofing shingles. Mr. and Mrs. Brunson reported this to State Farm and even went so far as to make arrangements for State Farm to have the opportunity to meet with one of the roofers at Mr. and Mrs. Brunson's home but instead of sending a

person with roofing expertise and knowledge, State Farm sent another unqualified adjuster. This adjuster met with the roofer at Mr. and Mrs. Brunson's home and was advised by the roofer that this was clearly hail damage.

7.   In spite of State Farm knowing, or having full opportunity to know that Mr. and Mrs. Brunson's roof had sustained substantial hail damage, State Farm continued in its denial of Mr. and Mrs. Brunson's claim. In spite of being advised by at least one roofing expert of this substantial hail damage, and having the opportunity to talk to other roofing experts who had inspected Mr. and Mrs. Brunson's roof, State Farm never even so much as had a roofing expert of its choice inspect Mr. and Mrs. Brunson's roof. Instead, State Farm intentionally violated its duty to deal with its policyholders in fairness, honesty and good faith.

8.   Upon State Farm refusing to pay this loss pursuant to its contractual obligation, Mr. and Mrs. Brunson filed a lawsuit in the General Sessions Court of Shelby County, Tennessee. Instead of using the trial in General Sessions Court as an opportunity to fairly and honestly resolve this civil dispute between it and its policyholder, State Farm used this trial setting as an opportunity to obtain discovery from Mr. and Mrs. Brunson. State Farm then appealed the judgment which was entered against it for both actual damages and punitive damages so as to further delay proper payment of this claim. In doing so, State Farm caused Mr. and Mrs. Brunson additional time and expense for a matter that should have been fairly and honestly handled promptly upon the first report of the claim.

9.   That by failing to fairly and honestly adjust and pay Mr. and Mrs. Brunson's claim for the hail damage to their roof which was covered under their policy:

a) State Farm breached its contract of insurance with Mr. and Mrs. Brunson;

b) That State Farm committed intentional fraud and misrepresentation, or at the very least, extremely reckless misrepresentation with no regard for the consequences to their policyholders;

c) That State Farm committed an intentional tort against its longtime policyholders, Ray Brunson and wife, Mary Brunson;

d) That State Farm insurance company committed unfair and deceptive trade acts and practices against its longtime policyholders, Ray Brunson and wife, Mary Brunson, in violation of the Tennessee Consumer Protection Act; and

e) State Farm acted in bad faith.

10. Upon information and belief, State Farm had a systematic policy in practice and effect to deny not only the proper claims of Plaintiffs, Ray Brunson and wife, Mary Brunson, but also other policyholders for storm damage caused by the May 31, 2006 storm. Upon information and belief, it was the intent of State Farm to unlawfully and improperly avoid its contractual obligations to its policyholders, to intimidate its policyholders into abandoning all of their claims which was designed for the financial benefit of State Farm to the detriment of its policyholders.

WHEREFORE, Plaintiffs pray:

1. That this Amended Complaint be served upon the Defendant causing it to plead or answer to this Amended Complaint or same will be taken for confessed and proceeded upon *ex parte*. The oath to the Defendant's answer is waived.

2. That upon the hearing of this cause, Plaintiffs be granted a judgment against the Defendant for actual, compensatory and punitive damages in the amount of $150,000,000.00.

3. That in addition, Plaintiffs be awarded their attorney fees, expenses and costs for Defendant's violation of the Tennessee Consumer Protection Act.

4. That this matter be certified as a class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure.

5. For such other and further relief as to which Plaintiffs are entitled.

6. A jury is demanded to try these issues.

Respectfully submitted,

*[signature]*

JOSEPH MICHAEL COOK    (6385)
**Attorney for Plaintiffs**
7692 Poplar Pike
Germantown, Tennessee 38138
901/753-5898

## CERTIFICATE OF SERVICE

I, Joseph Michael Cook, do hereby certify that a true and exact copy of the foregoing instrument has been served on the attorney for Defendant, Russell C. Rutledge, at 9040 Garden Arbor Drive, Suite 101, Germantown, Tennessee, 38138, via U.S. Mail, postage pre-paid, on this the 9th day of April, 2007.

*[signature]*

JOSEPH MICHAEL COOK